GOADING *versus* BRITAIN.

An effort on the part of the indorsee of a note, to find the maker in order to make a demand of payment, need not be by a personal application at his last place of residence, if it is notorious that such last place of residence has been abandoned.

Under our statute, notes made payable in "notes," are negotiable as though made payable in money.

This was an action of assumpsit. in Lauderdale County Court, brought by the indorsee of a promissory note against the indorser. It was in proof that the plaintiff searched for the maker of the note, in order to make a demand of payment, but that coming in sight of his house, he found it closed; and was told, that he had left the country. Plaintiff made no personal application at the house, and desisted from further search. Two points were assigned for error in this Court. First, that the application or demand of payment should have been made at the *house* of the maker. Second, that the note being payable in *cash notes,* was not a negotiable instrument.

*Peter Martin,* for Plaintiff—contended,

1. That if appellant was satisfied of the absence of the maker, it was not necessary to go to his late residence—*Chitty on Bills* 261. Rumor is sufficient. [Stopped by the Court.]

*Wilson* and *Shortridge, contra,* insisted,

1. That the demand should have been such as was diligent; and proper diligence was not here exercised. The search was not certain—it was founded on vague rumor—not such as the law sanctions.

2. That the note was not negotiable, being payable in property.

LIPSCOMB, C. J.—This action was brought by an indorsee against the indorser of a promissory note, made and executed under seal by one Manly, to the defendant, for the payment of fifty eight dollars and fifty cents, in cash notes, and indorsed by the defendant to the plaintiff. After the transfer of the note, it was placed by the plaintiff in the hands of the defendant as collateral security, in consideration of the defendant's becoming appearance bail for plaintiff in a suit that had been commenced against him. The note remained with the defendant until after its maturity, when he returned it to the plaintiff with instructions to get payment from the maker, and that he, the defendant, would not stand bound for the payment, and telling him that the maker had then returned from the legislature where he had been a member, from the county of Lauderdale. The usual place of residence of Manly, the maker, had been for several years, in the town of Florence, and that was his last known place of residence. The plaintiff went, immediately on receiving the note, in search of Manly: and when at the house opposite to the one in which Manly had resided, the street only between them, and in full view, plaintiff discovered that Manly's house was closed up and no appearance of any one being in it, and was told that he had left the country. The

plaintiff in a few days gave notice to the defendant of his unsuccessful efforts to find Manly, It further appeared that Manly never did return to his residence in Florence, but left the State. There was no evidence that the plaintiff knew where he was at the time of his search for him, at his last residence.

The counsel for the plaintiff, in substance, requested the Court to charge the jury, that if the plaintiff went near enough to the house of Manly, and made such observation and inquiries as to satisfy a reasonable man that the house was not inhabited, and that Manly had left, that it would dispense with a demand at the house of his last residence. But the judge charged the jury, that if the plaintiff in his search after Manly stopped short of going actually to the house, that is, if he stopped at the house across the street, opposite to his residence, that it would not be sufficient evidence to entitle him to recover. The refusal of the Court below to give the charge prayed, and the charge given are now assigned for error. I cannot conceive what more conclusive evidence, could be required of the fact of the house being abandoned by its tenant, than its appearance as represented in the evidence, coupled with the information of the nearest neighbors, on the same street, that he had left the country. But if further evidence could be required, it was in proof that at the time of the search made he had actually left the house, and never did return to it. If the plaintiff had known where he was, it would have been his duty to have gone to him and made the demand, if practicable, but there is no evidence that he was in possession of such information. It would have been an idle farce to have called to the closed up house for payment. I can

not perceive the supposed analogy in the demand to be made in this case, and a demand to be made at a Bankers, after such banker had stopped payment. Although the Banker may have failed, may have stopped payment of his bills, and become wholly unable to make payment, yet it would not necessarily follow that the banking house was wholly abandoned, and no one to answer to the demand. If this were proved, it seems to me that a demand at the banking house would not be required. If the plaintiff not knowing where the maker is, makes an effort to find him at his last place of residence and is informed that he has left the country, it is sufficient diligence on his part.

An objection was taken by the defendant's counsel that does not appear to have been raised in the Court below. It is urged that the instrument endorsed, and on which the present action is brought, is not negotiable, in as much as it is not for the payment of money. This objection would be well taken if the action had been brought either under the custom of merchants, or under the statute of *Anne*. But our statute (*Digest*, page 69,) authorises all obligations, bonds, bills single, promissory notes, and all other writings, for the payment of money, or any other thing to be assigned by indorsement, and authorises suit to be maintained against the endorser, as in cases of inland bills of exchange. The plain and obvious construction of this statute, and the uniform practice under it, for nearly twenty years, seems to me to furnish a satisfactory answer to the last objection to the plaintiff's right of action,

We are therefore of opinion, that the judgment of

the Court below must be reversed, and this cause. remanded.

SAFFOLD, J. absent.